RON BENDER (SBN 143364)
JACQUELINE L. JAMES (SBN 198838)
LINDSEY L. SMITH (SBN 265401)
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: rb@lnbyb.com; jlj@lnbyb.com; lls@lnbyb.com

Attorneys for Plaintiffs and Chapter 11 Debtors & Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Plaza Healthcare Center, LLC et al.,<br><br>Debtors and Debtors in Possession | Lead Case No.: 8:14-bk-11335-CB<br><br>Chapter 11 Case<br><br>Adversary Case No. |
| Plaza Healthcare Center, LLC et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Procopio, Cory, Hargreaves & Savitch LLP,<br><br>Defendant(s). | **COMPLAINT FOR:**<br><br>**(1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS [11 U.S.C. §§ 547(b), 550(a), AND 551]; AND**<br><br>**(2) DISALLOWANCE OF ANY CLAIMS HELD BY DEFENDANT [11 U.S.C. § 502(d)]**<br><br>**(3) TURNOVER OF ANY AND ALL AMOUNTS PAID ON ANY AND ALL DISALLOWED CLAIMS [11 U.S.C. § 542]** |

Plaza Healthcare Center LLC, along with all of the other eighteen jointly administered affiliated entities, chapter 11 debtors and debtors in possession in the above-captioned, jointly-administered, chapter 11 bankruptcy cases (collectively, the "Debtors" and the "Plaintiffs") and plaintiffs in the above-captioned adversary proceeding, for its complaint against defendant(s) Procopio, Cory, Hargreaves & Savitch LLP ("Defendant") to avoid and recover preferential transfers and disallow claims (the "Complaint"), as may be amended, alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157(b)(2) (A), (B),(C),(E), (F), and (O).

4. In addition to alleging that this is a core proceeding, Plaintiffs allege that, to the extent that this proceeding is non-core, they consent to the entry of final orders or judgment by the Court.

**PARTIES**

5. On March 4, 2014 and March 5, 2014, (the "Petition Dates"), the Debtors commenced their bankruptcy cases by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6. Plaintiffs are informed and believe and thereupon allege that Defendant is an entity or individual subject to the jurisdiction of this Court during all relevant times herein.

7. Plaintiffs are informed and believe and thereby allege that Defendant was a creditor of the Debtors (or at least one of the Debtors), during the period commencing ninety (90) days prior to the Petition Dates and concluding on the Petition Dates (the "Preference Period").

/ / /

/ / /

/ / /

## GENERAL ALLEGATIONS

8. As set forth in **Exhibit "A"**, which is attached hereto and specifically incorporated herein by reference, during the Preference Period, the Debtors made transfers totaling not less than $45,886.75 to or for the benefit of the Defendant (collectively, the "Transfers").

9. Prior to receiving the Transfers: (i) the Defendant provided goods and/or services to the Debtors (or at least one of the Debtors) or (ii) the Debtors (or at least one of the Debtors) were otherwise indebted to the Defendant. After such debts were created, the Debtors made the Transfers on account of those debts. As such, the Transfers were payments on account of antecedent debts owed by the Debtors to the Defendant.

## FIRST CLAIM FOR RELIEF

[FOR AVOIDANCE OF PREFERENTIAL TRANSFERS - 11 U.S.C. § 547(b)]

10. The Debtors re-allege and incorporate by this reference each and every allegation set forth in paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. The Transfers were of property interests of the Debtors, or at least one of the Debtors.

12. The Transfers were made to or for the benefit of the Defendant at a time in which the Defendant was a creditor of the Debtors, or at least one of the Debtors.

13. The Transfers were for or on account of antecedent debts owed by the Debtors, or at least one of the Debtors, before such Transfers were made.

14. The Transfers were made while the Debtors, or at least one of the Debtors, were insolvent.

15. The Debtors are statutorily presumed to be insolvent during the Preference Period.

16. The Transfers enabled the Defendant to receive more than the Defendant would otherwise receive if: (a) the Debtors' bankruptcy cases, or at least one of the Debtors' bankruptcy cases, were cases under chapter 7 of the Bankruptcy Code; (b) the Transfers had not

been made; and (c) the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

17. The Transfers may be avoided pursuant to 11 U.S.C. § 547(b).

18. The Debtors, or at least one of the Debtors, are entitled to an order and judgment under 11 U.S.C. § 547 avoiding the Transfers.

**SECOND CLAIM FOR RELIEF**

[FOR RECOVERY OF PROPERTY - 11 U.S.C. § 550]

19. The Debtors re-allege and incorporate by this reference each and every allegation set forth in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. The Debtors are informed and believe, and based upon such information and belief allege, that the Defendant was the initial transferee of the Transfers, or the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving such Transfers.

21. Pursuant to 11 U.S.C. § 550(a), the Debtors, or at least one of the Debtors, are entitled to recover the Transfers, together with interest thereon, as set forth above.

**THIRD CLAIM FOR RELIEF**

[FOR DISALLOWANCE OF CLAIM – 11 U.S.C. § 502(d)]

22. The Debtors re-allege and incorporate by this reference each and every allegation set forth in paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. The Defendant is an entity from which property is recoverable under 11 U.S.C. §§ 542, 543, 550 or 553, or the Defendant received an avoidable transfer under 11 U.S.C. §§ 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a).

24. The Defendant has not paid the amount, or turned over any such property for which the Defendant is liable under 11 U.S.C. §§ 522(i), 542, 543, 550, or 553 of the Bankruptcy Code.

25. Pursuant to 11 U.S.C. § 502(d), the Defendant's claims, to the extent that the Defendant asserts a claim or claims, should be disallowed.

**FOURTH CLAIM FOR RELIEF**

(TURNOVER OF PROPERTY OF THE ESTATE – 11 U.S.C § 542)

26. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 25 above, inclusive, as though fully set forth herein.

27. The Debtors (or at least one of them) made one or more distributions (the "Distributions") to Defendant on behalf of a claim(s) that was or should be disallowed for the reasons alleged herein.

28. Plaintiffs have a legal and/or equitable interest in Distributions that were made in error or prematurely.

29. Such legal and/or equitable interests constitute property of Plaintiffs' bankruptcy estates pursuant to 11 U.S.C. § 541.

30. Plaintiffs are required to pursue their legal and equitable interests for the benefit of creditors.

31. The Distributions constitute property that Defendant has possession, custody, or control of and that the trustee may use and which is not of inconsequential value or benefit to the estate.

32. The Distributions also constitute a debt that is property of the estate and that is matured, payable on demand, or payable on order,

33. Plaintiffs are entitled to turnover of the Distributions pursuant to 11 U.S.C. § 542.

**RESERVATION OF RIGHTS**

The Debtors reserve their right to supplement and amend the allegations contained in this Complaint, including, but not limited to, the right to: (i) make further allegations regarding one or more of the Claims for Relief, (ii) make modifications and/or revisions to Defendant's name(s), (iii) allege claims against additional defendants, and/or (iv) allege additional causes of action arising in connection with the law and facts set forth herein (collectively, the "Amendments"), that may become known to the Debtors at any time during this adversary

proceeding through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Debtors pray for a judgment on this Complaint, as it may be amended from time to time, as follows:

1. For avoidance of the Transfers;
2. For recovery from the Defendant by the Debtors of the amount of the Transfers;
3. For disallowance of any claims asserted by, or scheduled for, the Defendant;
4. For recovery and/or turnover of the Distributions;
5. For recovery of interest, costs, and attorneys' fees and expenses, to the extent recoverable under applicable law and the evidence submitted to the Bankruptcy Court; and
6. For such other and further relief as the Court deems just and proper.

Dated: March 2, 2016

LEVENE, NEALE, BENDER, YOO
& BRILL L.L.P.

By: *_/s/ Lindsey L. Smith_*
RON BENDER
JACQUELINE L. JAMES
LINDSEY L. SMITH
Attorneys for Plaintiffs and Debtors

# EXHIBIT "A"

**Exhibit A - Procopio, Cory, Hargreaves & Savitch LLP**

| Transfer Date | Debtor | Defendant | Transfer Amount |
|---|---|---|---|
| 12/27/2013 | CV Nursing | Procopio, Cory, Hargreaves & Savitch LLP | $19,408.75 |
| 12/31/2013 | CV Nursing | Procopio, Cory, Hargreaves & Savitch LLP | $14,545.00 |
| 1/2/2014 | CV Nursing | Procopio, Cory, Hargreaves & Savitch LLP | $11,933.00 |
| | | **TOTAL** | **$45,886.75** |